# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SOMANGSHU MUKHERJI,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN
BOARD OF REGENTS;
UNIVERSITY OF MICHIGAN;

    Defendants.

Case No. 5:25-cv-13431
Hon.

---

Hideaki Sano (P61877)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
Attorneys for Plaintiff
105 E. Main Street
Northville, MI 48167
(248) 679-8711
sano@sppplaw.com

---

## COMPLAINT

Plaintiff Somangshu Mukherji, by and through his attorneys, SALVATORE PRESCOTT PORTER & PORTER, in support of his Complaint states the following:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Somangshu Mukherji is a resident of Ann Arbor, Washtenaw County, Michigan.

2. Defendant University of Michigan is a public university (the "University").

3. Defendant Board of Regents of the University of Michigan is the publicly elected body that has general supervision of the University. The University and its Regents are collectively referred to hereinafter as the "University."

4. The alleged actions forming the basis of Plaintiff's claims occurred in Washtenaw County, Michigan.

5. Plaintiff's claim in this action is for retaliation in violation of Title VII of the Civil Rights Act of 1964.

6. This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

## GENERAL ALLEGATIONS

7. Dr. Mukherji is a music theorist, and was a prominent and well-regarded Assistant Professor in the Music Theory Department of the School of Music, Theory and Dance ("SMTD") at the University before his termination by the University.

8. Dr. Mukherji's research explores intersections between disciplines such as Music Theory, Linguistics, and the Cognitive and Computer Sciences. Among other accomplishments, Dr. Mukherji is a Rhodes Scholar, a past Fellow of the American Council of Learned Societies, and past Chair of the Society for Music

2

Theory's Committee on Race and Ethnicity.  Dr. Mukherji completed undergraduate degrees from the University of Oxford and the University of Delhi, and obtained his Master's of Fine Arts and a doctorate from Princeton University.  He also is an immigrant from India.

9. This case relates to Defendants' retaliatory actions against Dr. Mukherji because of Dr. Mukherji's protected conduct (*i.e.,* complaints of discrimination and retaliation, filing of a charge with the EEOC, and filing of a lawsuit in federal court against Defendants alleging claims of discrimination and retaliation).  As set forth below, in retaliation for this protected conduct, Defendants interfered with Dr. Mukherji's candidacy for two tenure-track faculty positions in the Music Theory department in January of 2025.

**Dr. Mukherji is subjected to different tenure standards than white faculty in the Music Theory department.**

10. Professor Mukherji was hired by the University and joined the Music Theory department faculty at the University in 2013.

11. Based on Dr. Mukherji fulfilling the research, service, and teaching requirements for being granted tenure at the University, the Chair of the Music Theory department recommended that Dr. Mukherji be granted tenure.  On December 12, 2019, the Executive Committee of SMTD also recommended that Professor Mukherji be granted tenure.  Via letter dated February 12, 2020, the Dean of SMTD also recommended that Dr. Mukherji be granted tenure.

3

12. Unfortunately, when the Provost of the University considered Dr. Mukherji's tenure case, she engaged in a process that subjected Dr. Mukherji to different standards than prior white Music Theory faculty who had been granted tenure by the University before him. The Provost ultimately refused to recommend Dr. Mukherji for tenure.

### Dr. Mukherji files and wins his grievance

13. On October 26, 2020, Dr. Mukherji filed a grievance with the University regarding the handling of his tenure case. University procedures permit individuals to file grievances for actions that "violate[] University policy" or are otherwise "manifestly unfair."

14. Dr. Mukherji presented evidence from a number of witnesses and submitted numerous exhibits.

15. On July 17, 2021, the grievance panel issued a decision in which it held that the Provost's review of Dr. Mukherji's tenure case was "manifestly unfair," and further raised concerns that the decision was racially discriminatory:

> the limited scope and lack of oversight of the Provost's additional review may have included and may have potentially allowed a faculty member **with a demonstrated racial bias** to sidestep the process at the Unit level, and instead, enter the process directly at the Provost level. At the Unit level, this faculty member would most likely have been more comprehensively vetted and possibly excluded from the process. At the Provost level, due to lack of scope and specialization, the faculty member's involvement may have carried undue weight in the overall process.

16. Among other remedies, the panel recommended that the Provost provide a second administrative review of Dr. Mukherji's tenure case with the oversight of the University Faculty Senate Director and a committee of representatives from the Faculty Senate Advisory Committee on University Affairs ("SACUA").

17. Despite this formal finding and the Provost's direct awareness of it and the potential of racial discrimination in the process, the University failed to take any steps to investigate the circumstances surrounding Dr. Mukherji's tenure case. In fact, after the grievance decision became final, the Provost refused to enforce the decision and *sua sponte* overturned the decision despite lacking the power to do so and despite a clear conflict of interest.

18. The University subsequently failed to take any of the actions recommended by the grievance panel and terminated the employment of Dr. Mukherji on May 31, 2021.

**Dr. Mukherji files a discrimination and retaliation lawsuit against Defendants.**

19. Dr. Mukherji filed a charge of discrimination with the EEOC on or about May 20, 2021. The EEOC issued Dr. Mukherji a right-to-sue letter on May 24, 2023.

20. On August 22, 2023, Dr. Mukherji filed a complaint in federal court against Defendants alleging one cause of action for race discrimination under Title

VII and a second cause of action for retaliation under Title VII. Dr. Mukherji's lawsuit against Defendants is ongoing as of the date of the filing of this complaint.

21. In his lawsuit, among other individuals, Dr. Mukherji specifically identified former Provost Susan Collins and Vice Provost Sara Blair as individuals who were involved in the improper actions against him.

**The Provost retaliatorily prevents Dr. Mukherji from being invited to final interviews for two tenure track positions at SMTD.**

22. In August of 2024, Dr. Mukherji was hired by the Music Theory department at SMTD as a Lecturer. During his application process, upon information and belief, the University's HR attempted to block his hire in retaliation for Dr. Mukherji having filed his lawsuit against the University. Upon information and belief, only after the Music Theory department Chair expressed concerns that blocking Dr. Mukherji's hire for the position would be retaliatory, did the University's HR back down, and allow the Music Theory department to hire him as a Lecturer.

23. Dr. Mukherji has performed well in his position as a Lecturer, and been given positive teaching evaluations.

24. In November of 2024, the Music Theory department began a search for three new faculty positions. Two of these were tenure-track Assistant Professor positions, and one was a tenured Associate Professor position. Dr. Mukherji was well qualified for these positions.

25. Dr. Mukherji applied for the positions, and was advanced by the respective search committees. On December 12, 2024, HR asked Dr. Mukherji to submit additional materials for both the Assistant Professor and Associate Professor positions. The search committee for the Associate Professor position interviewed Dr. Mukherji on January 16, 2025 and the search committee for the Assistant Professor position interviewed him on January 28, 2025.

26. A member of the SMTD Executive Committee later informed Dr. Mukherji that both interviews had been successful, and both search committees had advanced him as a finalist for the positions, and requested that the Executive Committee approve bringing Dr. Mukherji to campus for final interviews.

27. Then on January 24, 2025, University HR suddenly informed Dr. Mukherji – literally out-of-the-blue - that he could not be considered further for either position. Dr. Mukherji was told that Vice Provost Sara Blair had directed the HR department to stop considering his candidacy because of an "institutional policy" that prevented Dr. Mukherji from being hired for tenure track positions in the same unit because he had been granted a terminal year after he was denied tenure. At that point, SMTD stopped considering his candidacy.

28. When asked to identify the policy to which she was referring, Vice Provost Blair pointed to Standard Practice Guide 201.13 ("SPG 201.13"). SPG 201.13 by its express terms does not apply to Dr. Mukherji's situation.

29. When this inconsistency was raised with the Provost, the Provost refused to engage in further discussions and simply reiterated that Dr. Mukherji was disqualified from being considered for the positions with SMTD. Upon information and belief, as with the Lecturer position, the actual reason for Vice Provost Blair's action was her retaliatory intent based on Dr. Mukherji having filed a lawsuit against the University, and naming Vice Provost Blair as being involved in discriminatory conduct against him.

30. Despite his positive teaching evaluations, as of the filing of this amended complaint, SMTD has terminated Dr. Mukherji's lecturer position, and has not offered Dr. Mukherji any new lecturer contract to teach courses.

31. Dr. Mukherji filed a second charge of retaliation with the EEOC on or about July 15, 2025 related to these events.

32. The EEOC issued Dr. Mukherji a second right-to-sue letter on July 31, 2025.

## COUNT I
## TITLE VII – RETALIATION

33. Plaintiff hereby incorporates all preceding paragraphs.

34. Plaintiff engaged in protected conduct when he complained of race discrimination and retaliation to Defendants, filed a charge of discrimination and retaliation with the EEOC, and filed a federal lawsuit alleging claims of discrimination and retaliation under Title VII against the Defendants.

35. Defendants were aware of Plaintiffs' complaints of discrimination and retaliation, and failed to take any actions to remedy them.

36. Defendants took adverse actions against Plaintiff because of his protected conduct and actions as described above, *i.e.,* Plaintiff's protected conduct and actions motivated the retaliation.

37. The retaliation against Plaintiff was intentional and/or was with reckless indifference to Plaintiff's rights.

38. As a result of Defendants' conduct, Plaintiff was harmed and continues to be harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants awarding Plaintiff the following relief:

a. economic and non-economic damages;

b. emotional distress damages;

c. an order compelling the University to complete the job hiring process for Dr. Mukherji that it wrongfully halted in January of 2025, and further to hire him to a tenure-track position if Dr. Mukherji is determined to be the most qualified candidate;

d. attorney fees and costs;

e. punitive damages; and

    f. all other legal and equitable relief determined by the Court to be appropriate.

                                    Respectfully submitted,
                                    SALVATORE PRESCOTT
                                    PORTER & PORTER, PLLC

                                    /s/ Hideaki Sano
                                    Hideaki Sano (P61877)
                                    Attorneys for Plaintiff Somangshu Mukherji
                                    105 East Main Street
                                    Northville, MI 48167
                                    (248) 679-8711
Dated: October 28, 2025              sano@spplaw.com

## JURY DEMAND

Plaintiff demands a trial by jury in the above-captioned matter.

                                              Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

/s/ Hideaki Sano
Hideaki Sano (P61877)
Attorneys for Plaintiff Somangshu Mukherji
105 East Main Street
Northville, MI 48167
(248) 679-8711
sano@spp plaw.com

Dated: October 28, 2025